# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2012

Lyle W. Cayce
Clerk

LORENZO HERNANDEZ-FLORES; SILVIA GONZALEZ-PENA; ANDRES HERNANDEZ-GONZALEZ; JOSE HERNANDEZ-GONZALEZ

Petitioners

v.

ERIC HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A094 928 937
A094 928 938
A094 928 939
A094 928 940

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Department of Homeland Security charged Lorenzo Hernandez-Flores, his wife Silvia Gonzalez-Pena, and their children Andres Hernandez-Gonzalez and Jose Hernandez-Gonzalez (Petitioners), natives and citizens of Mexico, as removable for being arriving aliens who applied for admission

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without having or presenting immigrant visas or other valid entry documents. Petitioners applied for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT). The immigration judge (IJ) denied Petitioners' applications, and Petitioners appealed.

The Board of Immigration Appeals (BIA) dismissed the appeal, and denied Petitioners' motion to reconsider. They seek review of the BIA's denial of that motion. The denial is reviewed for abuse of discretion. *E.g., Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Petitioners contend the BIA erred in concluding they failed to demonstrate entitlement to asylum, withholding of removal, or protection under CAT. These contentions, however, concern the bases for the BIA's dismissal of their appeal. Restated, this petition does not present for review that underlying BIA order affirming the IJ's order and dismissing the appeal. The failure to petition for review of the order dismissing their appeal results in our lacking jurisdiction to review the order. *E.g., Kane v. Holder*, 581 F.3d 231, 237-38 (5th Cir. 2009) (no jurisdiction to review the BIA's denial of motion to reconsider claim for asylum when issue not raised in petition for review).

Petitioners' opening brief here contains no analysis regarding the challenged denial of their motion to reconsider. It does not address whether the BIA abused its discretion in doing so and does not expressly identify anything in that decision that is capricious, irrational, arbitrary, racially invidious, or completely lacking in evidentiary basis. *E.g., Zhao*, 404 F.3d at 303-04 (listing guidepost factors for abuse-of-discretion review of BIA orders). Instead, in response to the Government's asserting lack of jurisdiction because of this failure, Petitioners raise these claims for the first time in their reply brief. Generally, "[t]his [c]ourt will not consider [] claim[s] raised for the first time in a reply brief". *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We decline to do so in this instance.

DISMISSED.