# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-60664

————

ANH LE,

       Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

       Respondent

————

Petitions for Review of an Order
of the Board of Immigration Appeals

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2016

Lyle W. Cayce
Clerk

Before STEWART, Chief Judge, and CLEMENT, and ELROD, Circuit Judges.

CARL E. STEWART, Chief Judge:

IT IS ORDERED that the opinion previously filed in this case, *Le v. Lynch*, 810 F.3d 314 (5th Cir. 2016), is WITHDRAWN. The following opinion is substituted therefor:

Petitioner Anh Le ("Le") appeals the Board of Immigration Appeals' ("BIA" or the "Board") decision to uphold an immigration judge's finding that Le was statutorily ineligible for adjustment of status under Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act ("INA"). The Board determined that Le failed to demonstrate that he was admissible to the United States as a lawful permanent resident ("LPR"). Le also appeals the BIA's

No. 13-60664

denial of his motion for reconsideration.  For the following reasons, the petition for review is DENIED.

## FACTUAL BACKGROUND

Le escaped Vietnam and arrived in Canada as a refugee in 1978.  After his arrival, he was convicted of two separate criminal offenses.  The issues on appeal stem from Le's first arrest and conviction in 1991.[1]  Le was arrested after picking up a friend who possessed cocaine while Le was driving his vehicle.  Le was searched for drugs and taken to the police station to be questioned but no drugs were found on his person.  As a result of this arrest, Le was fined $700 but served no jail time.  Records from his arrest showed that Le was convicted of possession of cocaine, a controlled substance offense, although Le asserts that he has never used or possessed any illegal drugs.  At the time, Le had been living in Canada for approximately four years and was studying English.  He contends that he had not fully mastered the English language and that he was not told, nor did he understand, the nature of the criminal charge against him.

In 2002, Le was admitted to the United States on a thirty-day visitor's visa.  In May of that same year, he was granted a nonimmigrant waiver of inadmissibility for one year through 2003, allowing him to remain in the United States.  His wife, Thu Van Nguyen, became a naturalized United States citizen in 2005 and filed an "immediate relative" visa petition on Le's behalf in 2008.  Le applied for adjustment of his status to lawful permanent resident in 2010 under 8 U.S.C. § 1255(a), based on Nguyen's approved immediate relative visa petition.  On his application, Le indicated that he was previously "arrested, cited, charged, indicted, fined, or imprisoned for breaking a[] law or

---

[1] In 1998, Le was arrested a second time after being approached by a police officer who found him sitting in an idle car with the motor running while under the influence of alcohol.

2

No. 13-60664

ordinance" and that he was not pardoned for that offense. He attached a description of his criminal history that only listed his 1998 offense.[2]

When reviewing his adjustment of status application, the Department of Homeland Security ("DHS") raised the question of whether Le was ineligible for LPR status due to his 1991 controlled substance offense, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II). The Government challenged Le's admissibility and filed four documents in support of its position: a government inspection worksheet noting that Le was convicted of and received a $700 fine for a drug possession offense on January 11, 1991; a National Automated Immigration Lookout System Inquiry noting that Le was refused entry into Toronto and had at least one conviction for possession; a Canadian fingerprint report showing Le's photograph and fingerprint with a summary of a possession of narcotics charge; and documentation from an Immigration and Naturalization Service inspector showing that Le was inadmissible when he previously applied for nonimmigrant status.

Le's application was denied in April 2008. The Government commenced removability proceedings in 2009 because Le had remained in the United States beyond the 2003 expiration date of his nonimmigrant visitor visa. A Notice to Appear was issued charging Le with remaining longer than authorized.

## PROCEDURAL HISTORY

### I.    Immigration Judges Law and Walton

At Le's initial hearing in 2009 before Immigration Judge Phillip Law ("IJ Law"), Le indicated that he would be seeking adjustment of status to lawful permanent resident. DHS again raised the question of whether Le was inadmissible because of his 1991 offense. At a second hearing in 2010, Le

---

[2] *See supra* note 1.

3

No. 13-60664

testified about his 1991 arrest in Toronto and stated again that he had no drugs on his person at the time of his arrest and that he never used, purchased, or sold illegal drugs. Although Le was represented by an attorney, he did not have a translator when meeting with counsel prior to his court appearance. Le was only able to use a translator while in court. He stated that the translator explained to him that his classmate was buying and using cocaine, and that the judge confirmed that because Le was the owner of the vehicle he was charged as a result of picking up his classmate. Nevertheless, Le testified that he was not charged with possession of narcotics or possession of cocaine.

Following Le's testimony before IJ Law, he filed documentation from the Canadian government indicating that he had received a pardon for his 1991 "Breach of the Narcotic Control Act" conviction and for his subsequent 1998 offense. Le also submitted a letter from the Canadian National Pardon Centre ("NPC"), which explained that while a pardon "no longer reflect[s] adversely on that person's character, and removes any disqualification to which the individual is subjected," a pardon "does not erase the fact that an individual was convicted of an offence(s) and has a criminal record."

The letter informed Le that a pardon "may not be recognized by foreign governments" and "will not guarantee entry or visa privileges to another country." Le submitted another letter which showed that the NPC cleared his criminal record from his public file. The letter advised Le that the NPC would destroy the last open record of his criminal charges from its system if Le did not contact the NPC within two months. There is no record of Le contacting the NPC during that two-month period.

In 2011, Le's case was reassigned to immigration judge Richard Walton ("IJ Walton"). While testifying before IJ Walton, Le reiterated previous testimony concerning the 1991 conviction and IJ Walton found that Le's testimony was generally consistent with his testimony before IJ Law. IJ

Walton determined, however, that Le was statutorily ineligible for adjustment of status because he did not meet "his burden of proof to show he was not convicted of an offense relating to a controlled substance" under 8 C.F.R. § 1240.8(d).  IJ Walton found that Le could have, for example, "demonstrated that the Canadian Narcotic Control Act encompasses offenses relating to drugs not defined in our Controlled Substances Act ("CSA")" or that "the information contained in each of the [Government] exhibits is somehow incorrect or lacking in probative value."  IJ Walton emphasized that the documentary evidence submitted by both Le and the Government "consistently point[ed] to the existence of a conviction for possession of a controlled substance, perhaps cocaine."  He found that Le's testimony that he "did not know why he was arrested in 1991, and whether it was for a drug offense, [was] insufficient to overcome the documentary evidence."  He noted that Le's testimony, "while credible, was taken over twenty years after an incident where he admitted that he did not fully understand the charges brought against him because of a language barrier."  Finally, IJ Walton determined that the Canadian pardon did not nullify the conviction for United States immigration purposes.  Le was ordered removed to Canada, and he appealed to the BIA.

## II.    The BIA's Review

Reviewing the decision *de novo*, the BIA affirmed IJ Walton's denial of the adjustment of Le's status.  The Board stated that it found ample evidence in the record to support IJ Walton's finding of a potential disqualifying drug conviction, including Le's criminal record print-out reflecting a fine and jail time on a charge of possession of narcotics and Le's own submission of a pardon for his conviction.  The BIA noted that, under the REAL ID Act, 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d), Le bore the burden of resolving any ambiguities in the record and that it was his burden to show that the drug involved does not correspond to a controlled substance that would render Le

No. 13-60664

inadmissible.  The Board also agreed with IJ Walton that Le's testimony did not satisfy his burden of proof, particularly in light of his admission that he lacked a clear understanding of the charge.

Finally, the BIA determined that Le was not relieved of his burden of proof by asserting that the relevant records concerning his 1991 conviction no longer existed.  Although the Board acknowledged Le's evidence that court records of his convictions were no longer available and may have been destroyed, the BIA noted that "while pardoned conviction records are removed from public access and may be purged from the archives of local jurisdictions, sealed records may be retained at the federal level."  The BIA advised Le of his option to "apply to the Royal Canadian Mounted Police [("RCMP")] for the release of any pardoned conviction records in its possession" and provided the link to a website with the RCMP's instructions for obtaining pardoned conviction records.

Le appealed the BIA's decision, which the BIA dismissed.  Le filed a motion for reconsideration.  The BIA also denied Le's motion.  Le timely petitioned this court for review of the BIA's denial.  Le now raises two issues: (1) whether the BIA properly found Le ineligible for adjustment of Le's immigration status where there is evidence that Le may have been convicted of a drug-related offense in Canada; and (2) whether the BIA abused its discretion when it denied Le's motion for reconsideration.

**STANDARD OF REVIEW**

In a petition for review of a BIA decision, we review legal and constitutional issues *de novo*.  *See Sealed Petitioner v. Sealed Respondent*, 567 F. App'x 231, 234 (5th Cir. 2014) (citing *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 406 (5th Cir. 2010)).  Although "we generally only have authority to review the BIA's decision, . . . we may also review the [immigration judge's] decision when it has some impact on the BIA's decision, as when the BIA has adopted

all or part of the [judge's] reasoning." *Id.*, 567 F. App'x at 234 (citing *Enriquez-Gutierrez*, 612 F.3d at 407); *see Mikhael v. INS,* 115 F.3d 299, 302 (5th Cir. 1997*); see also Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). This court applies the substantial evidence standard to the BIA's findings of fact. *See Soriano v. Gonzales*, 484 F.3d 318, 320 (5th Cir. 2007). The substantial evidence standard requires "that the [BIA's] conclusion be based upon the evidence presented and that it be substantially reasonable." *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (citation omitted). Under this standard, this court will affirm the BIA unless the "evidence compels a contrary conclusion" and is so compelling that no reasonable factfinder could conclude against it. *Id.*

We review the BIA's denial of a motion to reconsider under a highly deferential abuse of discretion standard. *See Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000); *Osuchukwu v. INS*, 744 F.2d 1136, 1141–42 (5th Cir. 1984). The court will not find an abuse of discretion unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu*, 744 F.2d at 1142.

## DISCUSSION

**I.    Whether the BIA properly found Le ineligible for adjustment of status where there is evidence that Le may have been convicted of a drug-related offense in Canada.**

We first address whether Le's 1991 conviction renders him ineligible for relief from removal. As a preliminary issue, the Government argues that Le is inadmissible because Le committed a controlled substance offense in violation of 8 U.S.C. § 1182(a)(2)(A)(i)(II). An alien who was inspected and admitted or paroled into the United States may seek adjustment of status in order to obtain permanent resident status in the United States. *See* 8 U.S.C. § 1255(a). The

INA provides that an alien may have his status changed to lawful permanent resident if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  8 U.S.C. § 1255(a).

However, an alien is ineligible for adjustment of status if the alien is convicted of, admits having committed, or admits committing acts which constitute the essential elements of a violation of any law relating to a controlled substance.  8 U.S.C. §§ 1182(a)(2)(A)(i)(II), (h), 1255(c)(2), (h); *Rana v. Holder*, 654 F.3d 547, 548 (5th Cir. 2011).

The propriety of the BIA's decision regarding Le's adjustment of status and relief from removal rests on three sub-issues raised on appeal: (1) whether the alien or the Government bears the burden of proof in determining whether grounds for mandatory denial of Le's application for relief do not apply; (2) whether the evidence shows that this burden has been met; and (3) what effect, if any, Le's pardon has on his admissibility.

## A.

Le contends that while an alien generally bears the burden of proving that grounds for denial do not apply and that he is eligible for relief from removal, he does not bear the burden of proof in this instance because the statute proscribing Le's conduct only "allocate[s] the burden of proof concerning *factual* elements of eligibility."  Le contends that determining eligibility, *i.e.*, whether he was convicted of an offense relating to a controlled substance, is a "question of law" and thus a burden which the Government must bear.  Le states that the burden of proof would have remained on him unless the immigration judge or the BIA requested supporting documentation that could not reasonably be obtained.  Le argues that because he could not obtain any additional information regarding his conviction, the ambiguity

weighs in favor of finding that his offense did not relate to a controlled substance.  Le's position on appeal is rooted in Supreme Court cases *Moncrieffe v. Holder* and *Descamps v. United States*, decided after the submission of Le's brief to the BIA.  *Descamps v. United States*, 133 S. Ct 2276 (2013); *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013).

The Government counters that 8 U.S.C. § 1229a(c)(4)(A)(i) plainly places the burden on Le.  The Government disagrees with Le's contention that Section 1229a only "allocate[s] the burden of proof concerning *factual* elements of eligibility."  It alleges that the statutory language does not divide the eligibility requirements for relief between those that involve a factual and legal determination, but it solely applies to "the applicable eligibility requirements" as a whole.  This includes the requirement that an alien demonstrate that he is not inadmissible for having a disqualifying conviction.

As a general rule, the Government may remove an alien and deny his application for adjustment of status if grounds for mandatory denial of the application *may* exist.  *See* 8 C.F.R. § 1240.8(d) (emphasis added).  However, an alien may apply for relief or protection from this removal.  *See* 8 U.S.C § 1229a(c)(4)(A).  While the Government bears the burden of proving that an alien is removable, § 1229a(c)(3)(A), the alien has the burden of proof to establish that he satisfies the applicable eligibility requirements in order to prove that any grounds for denial do not apply.  § 1229a(c)(4)(A); *see also* 8 C.F.R. § 1240.8(d) (noting that the alien in a removal proceeding bears "the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion"); *Ramon-Torres v. Holder*, 637 F.3d 544, 548 (5th Cir. 2011); *Vasquez-Martinez*, 564 F.3d at 715–16; *Matter of Blas*, 15 I&N Dec. 626, 629 (BIA 1974).  When an alien's prior conviction is at issue, the offense of conviction itself "is a factual determination, not a legal one." *Vasquez-Martinez v. Holder*, 564 F.3d 712, 716

(5th Cir. 2009). However, determining whether that conviction is a particular type of generic offense is a legal question. *See, e.g.*, *Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823–24 (5th Cir. 2012); *Vasquez-Martinez*, 564 F.3d at 716–17.

In *Vasquez-Martinez*, for example, an alien appealed the BIA's determination that he produced insufficient evidence to carry his burden of proving that he was not an aggravated felon and therefore was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3). *See* 564 F.3d at 715–16. The alien argued that the burden of production was on the Government to submit evidence of a prior aggravated felony conviction. *Id.* at 716. Relying on 8 U.S.C. § 1229a(c)(4)(A)(i) and 8 C.F.R. § 1240.8(d), this court held that the alien, not the Government, bears "the initial burden of production of evidence" that he is eligible for discretionary relief. *Id.*

Other circuits similarly hold that an alien seeking relief from removal bears the burden of proving that a conviction does not bar relief, even where ambiguities in the record about an alien's conviction exist. *See Garcia v. Holder*, 584 F.3d 1288, 1289–90 (10th Cir. 2009). In *Garcia*, the Tenth Circuit reasoned that construing ambiguity in the record against the Government "effectively nullifies the statutorily prescribed burden of proof" and that "[t]he fact that [the alien] is not to blame for the ambiguity surrounding his criminal conviction does not relieve him of his obligation to prove eligibility for discretionary relief." *Id.* at 1290. Similarly, the Fourth Circuit has held that, where the evidence of conviction is inconclusive, the burden remains on the alien to prove eligibility for relief from removal. *See Salem v. Holder*, 647 F.3d 111, 116–20 (4th Cir. 2011).

Notwithstanding the general rule, Le cites, *inter alia*, the Second Circuit's decision in *Martinez v. Mukasey* as supporting his position that the Government bears the burden to resolve any ambiguities in an inconclusive

record.  *See* 551 F.3d 113 (2d Cir. 2008).  However, *Martinez* does not clearly state that the burden shifts to the Government to prove a lack of eligibility for relief where a record is inconclusive.  In *Martinez*, the court held that in an alien's attempt to prove his burden, he must "show[] that he has not been *convicted* of [the underlying criminal offense]."  *Id* at 122.  Contrary to Le's contention, the court did not shift the burden to the Government, but stated that in proving its burden, the alien may not delve into the particular facts surrounding his conduct when determining whether his burden is met, but must solely look to the language in the statute of conviction.[3]  *Id.*; *accord Salem*, 647 F.3d at 116–17 (concluding that fidelity to the INA requires that the noncitizen, as the party bearing the burden of proof, suffer the detriment).

Le also highlights that the Ninth Circuit provides some guidance supporting his position.  The Ninth Circuit has held that where the categorical approach applies, discussed *supra*, the Government must prove that the alien's prior offense of conviction constitutes a generic offense that disqualifies him from relief, thus shifting the burden to the Government.  *See Almanza-Arenas v. Holder*, 771 F.3d 1184, 1190, 1193 (9th Cir. 2014), *en banc reh'g granted*, 785 F.3d 366 (May 8, 2015).  The *Almanza-Arenas* court applied the categorical approach to determine whether the alien's prior conviction for taking or driving

---

[3] In *Martinez*, the court used the categorical approach to address the issue of the alien's conviction.  In applying this approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime." *Descamps*, 133 S. Ct. at 2281.  The categorical approach mandates that the adjudicator look only to the statute of conviction to determine whether the minimum conduct required under the statute meets the generic definition of the offense.  Courts "look not to the facts of the particular prior case, but instead to whether the . . . statute defining the crime of conviction categorically fits within the 'generic' federal definition of a corresponding [offense]." *Moncrieffe*, 133 S. Ct. at 1684 (internal quotation marks and citation omitted); *Cisneros-Perez v. Gonzales*, 465 F.3d 386, 391 (9th Cir. 2006).  On the other hand, courts that review an alien's conviction using the modified categorical approach employ a different standard. *Restrepo v. Att'y Gen. of U.S.*, 617 F.3d 787, 791 (3d Cir. 2010) (quoting *United States v. Stinson*, 592 F.3d 460, 462 (3d Cir. 2010)); *Descamps*, 133 S. Ct at 2282, 2285.

another's vehicle (joy-riding) "temporarily or permanently" precluded cancellation of removal as a "generic" crime of moral turpitude. 771 F.3d at 1189–90. The court relied on *Moncrieffe*, 133 S. Ct. at 1693, to hold that ambiguity in the record concerning whether a prior conviction is deemed an aggravated felony is construed against the Government, notwithstanding the alien's burden of proof under § 1229a(c)(4)(A)(i). *See Almanza-Arenas*, 771 F.3d at 1189, 1192–94. The Ninth Circuit has since reheard this case en banc.[4] *See Almanza-Arenas v. Lynch*, Nos. 09–71415, 10–73715, 2015 WL 9462976 (9th Cir. Dec. 28, 2015).

*Moncrieffe*, however, does not control. In *Moncrieffe*, although the Court noted that a prior conviction for an aggravated felony is grounds both for removal and denial of discretionary relief from removal, the only issue before the court was the alien's removability. *See* 133 S. Ct. at 1682–83. The Court stated in a footnote that the approach used "is the same" in both contexts. *Id.* at 1685 n.4. However, this commentary was dicta because the issue of who bears the risk of an inconclusive record when determining an alien's eligibility for *relief* was not before the Court. *Id.* The case at bar, unlike *Moncrieffe*, concerns eligibility for relief from removal and not removal itself.[5]

---

[4] The en banc court concluded that despite there being a criminal statute that penalizes conduct for "permanently or temporarily" depriving an owner of his or her vehicle, this statute is *not* divisible. *See Almanza-Arenas*, Nos. 09–71415, 10–73715, 2015 WL 9462976, at *3–8. Specifically, the court concluded that "permanently or temporarily" are not two separate offenses and thus are *not* a divisible statute creating new crimes, but were merely a means of communicating one offense. *Id.* at *8. The court remanded the case to the BIA for further proceedings. *Id.*

[5] While *Moncrieffe* does not control here, this case does not turn on the examination of the elements of an identified statute of conviction and therefore does not require us to apply the categorical or modified categorical approach. We do not reach whether *Moncrieffe* affected how courts should apply the modified categorical approach to determine whether a prior conviction disqualifies a noncitizen from relief from removal when the record of conviction is ambiguous as to whether the elements of the crime correspond to a disqualifying offense.

12

No. 13-60664

Similarly, *Almanza-Arenas* is inapposite. The court in *Almanza-Arenas* used the modified categorical approach to determine whether a particular offense qualified as a crime of moral turpitude rendering the alien ineligible for cancellation of removal. 771 F.3d at 1192. Le contends, however, that the categorical approach, and not the modified categorical approach, should be used to determine his eligibility for relief from removal.   Where a "statute criminalizes different kinds of conduct, some of which would constitute [a criminal offense] while others would not, the court must apply a modified categorical approach . . . look[ing] beyond the statutory elements to determine the particular part of the statute under which the defendant was actually convicted." *Restrepo v. Att'y Gen. of U.S.*, 617 F.3d 787, 791 (3d Cir. 2010) (quoting *United States v. Stinson*, 592 F.3d 460, 462 (3d Cir. 2010)). This approach specifically applies to divisible statutes, or statutes that "set out one or more elements of the offense in the alternative," effectively creating "several different . . . crimes." *Descamps*, 133 S. Ct at 2282, 2285. In such instances, courts have "conducted a limited factual inquiry, examining the record of conviction for the narrow purpose of determining the specific [elements] under which the defendant was convicted." *Jean–Louis v. Att'y Gen. of U.S.,* 582 F.3d 462, 466 (3d Cir. 2009) (referencing *Singh v. Ashcroft*, 383 F.3d 144, 162 (3d Cir. 2004)).

The modified categorical approach does not apply here. Similar to the Ninth Circuit's conclusion in *Almanza-Arenas,* Le has presented no evidence showing that he was convicted under a divisible statute that included multiple offenses, one being possession of cocaine. *See Almanza-Arenas*, 2015 WL 9462976, at *8. Accordingly, because the ambiguity surrounding Le's conviction is not rooted in the existence of a divisible statute, we need not apply the modified categorical approach or construe any ambiguity in favor of Le.

13

No. 13-60664

Notwithstanding the inconclusive evidence in the instant case, we conclude that the burden remains on Le to prove eligibility for relief from removal.

B.

Next, having established that the burden is on Le to show that he is eligible for relief, and treating his offense as an offense for the possession of cocaine, we now look to whether he has satisfied that burden, reviewing *de novo* whether the offense qualifies as an offense relating to a controlled substance under the INA. *See Vasquez-Martinez*, 564 F.3d at 717. In order for an alien to satisfy his burden of proving that grounds for mandatory denial of an application for relief do not apply, he must

> comply with the applicable requirements to submit information or documentation in support of [his] application for relief . . . as provided by law or by regulation or in the instructions for the application form. In evaluating the testimony of the applicant . . . in support of the application, the immigration judge will determine whether or not the testimony is credible, is persuasive, *and refers to specific facts sufficient to demonstrate that the applicant has satisfied [his] burden of proof.* In determining whether the applicant has met such burden, the immigration judge *shall weigh the credible testimony along with other evidence of record.* Where the immigration judge determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that [he] does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1229a(c)(4)(B) (emphasis added).[6]

---

[6] The standards for burdens of proof and credibility for adjudicating applications for discretionary relief were amended by the REAL ID Act of 2005 and apply to applications made on or after May 11, 2005. REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 231 (2005); *see also Matter of S-B-*, 24 I&N Dec. 42, 42 (BIA 2006). Under the REAL ID Act, the testimony of the applicant may be sufficient to sustain his burden without corroboration, but only if the applicant satisfies the trier of fact that his testimony is credible, persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied his burden of proof. *See* INA § 240(c)(4)(B).

14

No. 13-60664

Because the INA does not define the phrase "relating to a controlled substance" and legislative history does not fully clarify which crimes Congress intended to characterize as relating to a controlled substance, the interpretation of this provision is within the purview of the BIA and the interpretation of its application to state and federal laws remains with the federal courts. *See Esparza-Rodriguez v. Holder*, 699 F.3d 821, 823 (5th Cir. 2012).

Le contends that the BIA erred in determining that he failed to establish eligibility for adjustment of status because he "may have" been convicted of an offense relating to a controlled substance. Le argues that because he has repeatedly, consistently and credibly denied ever having possessed, sold, purchased or used any illegal drugs, he has not "admitted" committing a criminal offense or the essential elements of an offense related to a controlled substance. Therefore, if he is inadmissible, it may only be because he has been actually *convicted* of such an offense. Le argues that he has proven by a preponderance of the evidence that the aforementioned grounds for conviction do not apply. Le also alleges that requiring otherwise would require him to "prove a negative": Despite his testimony and despite the ambiguities on the record, he was *not* convicted of a controlled substance offense.

The Government counters that there is substantial record evidence to support the immigration judge's determination that Le may have sustained a conviction under Canada's Narcotic Control Act. Contrary to Le's contention that "there is no evidence of a conviction in this case" or that the record is "ambiguous" as to whether Le sustained a conviction under Canada's Narcotic Control Act, the Government highlights that the following is evidence of Le's failure to identify the statutory basis of his conviction and failure to show that there was no nexus between his conviction and a controlled substance: (1) Le submitted evidence of a pardon for his conviction; (2) DHS submitted evidence

corroborating the Parole Board's conclusion that Le did in fact have a drug-related conviction, as shown in his criminal conviction printout; and (3) DHS produced evidence showing that United States immigration officials recognized Le's conviction as one involving a controlled substance.  The BIA determined that Le failed to meet this burden due to the presence of such overwhelming evidence to the contrary.

In order for Le to meet his burden, he is required to first identify the statute under which his criminal offense arises, something Le has failed to do. *Peters v. Ashcroft*, 383 F.3d 302, 307 (5th Cir. 2004); *Vasquez-Martinez*, 564 F.3d at 716–17.  Here, Le does not present evidence demonstrating whether he was convicted under a Canadian federal statute, a provincial law, or even a Toronto city ordinance.  The record contains no judgment, and any documentation that the immigration judge and the BIA sought from Le in support of his position that his burden has been met is seemingly unavailable or cannot be produced.  Despite Le's contention that he could not have been convicted of such an offense, the record includes a conviction for possession of cocaine and Le provides no statutory basis for his 1991 conviction that comprises of something other than a drug offense.  This presentation of an inconclusive record of conviction is insufficient to meet his initial burden of demonstrating eligibility.

Second, Le must demonstrate that no nexus existed between his statute of conviction and the controlled substance offense pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II).  *Peters*, 383 F.3d at 307.  Controlled substances include any drug or other substance, or immediate precursor, included in Schedule I, II, III, IV, or V of 21 U.S.C. § 812.  We have held that possession of cocaine is an offense relating to a controlled substance. *See Enriquez-Gutierrez*, 612 F.3d at 403.  Various courts, including this court, have also granted an expansive reading of what constitutes "relating to" under federal law.  *Mellouli v. Lynch*,

No. 13-60664

135 S. Ct. 1980, 1990 (2015); *Luu–Le v. INS*, 224 F.3d 911, 915–16 (9th Cir. 2000) ("We have construed the 'relating to' language broadly in the past."); *see also Peters*, 383 F.3d at 306–07 (Congress[] [has made] consistent effort[s] to target aliens who are involved in drug-related activities."); *Coronado–Durazo v. INS*, 123 F.3d 1322, 1326 (9th Cir. 1997) (stating that Congress has expressed great zeal in eliminating illicit drug trafficking and has "clearly spoken against aliens who abuse the hospitality of the United States" in this way).

In *Mellouli v. Lynch*, the Supreme Court recognized that a conviction for an offense "relating to a controlled substance" must be rooted in there being a direct link between an alien's crime of conviction and a particular federally controlled drug. *See* 135 S. Ct. at 1990. Where the government does not show that a conviction relates to a substance listed in the federal controlled substance schedules, an individual convicted of a state drug paraphernalia offense is not deportable under the deportability ground for conviction of an offense "relating to" a controlled substance. *Id.* It is not enough that the foreign statute of conviction bears some general relation to federally controlled drugs. *Id.* In *Peters*, for example, we considered identical statutory language in the removal context and determined that a prior conviction for soliciting the transportation of at least two pounds of marijuana "on its face constitute[d] a violation of a law 'relating to a controlled substance,'" rendering the alien removable under 8 U.S.C. § 1227(a)(2)(B)(i). *Peters*, 383 F.3d at 306–07. We did not review the statute using the categorical approach.

The Third Circuit addressed a line of cases in which the relevant federal conduct is presented not as a generic, unitary crime requiring analysis under the categorical approach, but as a conviction "relating to" other crimes or objects. *See Rojas v. Att'y Gen. of the U.S.*, 728 F.3d 203, 215, 217 (3d Cir. 2013) (en banc). The inquiry did not focus on a strict element-by-element match

17

between the offense of conviction and the federal baseline, but focused on the nature of the defendant's conviction and whether it "stand[s] in relation," "pertain[s,]" has "bearing of concern," or "refer[s]" to the object or crime of comparison. *Id.* at 217 (citing *Desai v. Mukasey*, 520 F.3d 762, 764 (7th Cir. 2008)).

Here, evidence supports the BIA's finding that Le failed to meet his burden. Le's evidence of conviction is as follows: Le was pardoned for multiple "*conviction(s)*"; the secondary inspection worksheet reflected that Le has a "*conviction* for drug possession"; and a RCMP document pertaining to the 1991 offense was entitled "Criminal Convictions Condi[tio]nal and Absolute Discharges and Relating Information." Moreover, Le pleaded guilty to possessing cocaine. While the immigration judge and the BIA found that Le provided credible testimony, and despite Le's compliance with other requirements of the INA, including submitting documentation concerning his criminal offenses and submitting biometric information for required background checks, Le is unable to provide documentation that could completely dispel the evidence presented showing that he was in fact convicted of possession of a narcotic. Moreover, in a final comment, the immigration judge suggested to Le that he apply to the RCMP for the release of any pardoned conviction records in its possession. There is no record evidence that Le has done so.

In light of *Mellouli*, *Peters*, and *Rojas*, Le's burden to prove that his conviction did not relate to a controlled substance could have been met, for example, by showing either that he was not convicted of the listed offense, or that his conviction did not involve a drug listed in the federal controlled substance schedules. Although *Mellouli* did not address relief from removal, we construe the term "relating to" in the same way as the *Mellouli* court. The aforementioned evidence, without more, shows a failure by Le to establish that

his offense does not "stand in relation," "pertain," have "bearing of concern," or "refer" to a controlled substance.  Le's inability to show a conviction for an offense other than the possession of cocaine, which is a Schedule I controlled substance, weighs strongly against him.  In the absence of anything to the contrary, Le has not met his burden.

C.

Le contends that the 2008 pardon of his 2001 offense indicates that he has no conviction for an offense relating to a controlled substance.  We conclude that the BIA did not err in determining that Le's pardon by the Canadian NPC has no bearing on his conviction for immigration purposes.  As the Government notes, foreign pardons are generally not recognized under United States immigration laws.  *See Danso v. Gonzales*, 489 F.3d 709, 717 (5th Cir. 2007).  Other circuits have held that an alien's conviction remains valid for immigration purposes even where a foreign law essentially expunges or pardons the conviction because drug offense pardons are not recognized under the INA.  *See Mullen-Cofee v. INS*, 976 F.3d 1375, 1379 (11th Cir. 1992) (holding that a Canadian pardon, in itself, does not wipe out an alien's foreign conviction or relieve him from disabilities flowing from that conviction).  We conclude that Le's pardon does not serve to eradicate his 1991 controlled substance conviction.  In sum, the record supports a finding that the BIA did not err in determining that Le was inadmissible due to his 1991 conviction.

Accordingly, we reject Le's argument that his conviction does not render him ineligible for relief from removal and DENY his petition for review on this ground.[7]

_____

[7] In its brief on appeal, the Government notes that INA § 245(c)(2) bars adjustment of status for an alien who failed continuously to maintain a lawful immigration status before filing for an adjustment.  The Government notes, however, that the Board did not address whether this renders Le ineligible for adjustment.  Under the circumstances, we decline to rule on this ground.

## II.    Whether the BIA abused its discretion when it denied Le's motion for reconsideration.

Le also contends that the BIA abused its discretion in denying his motion for reconsideration.   This court reviews the BIA's denial of a motion to reconsider under a highly deferential abuse of discretion standard.   *Lara*, 216 F.3d at 496; *Osuchukwu*, 744 F.2d at 1141–42. Le has failed to overcome this standard.   Pursuant to 8 U.S.C. § 1255(a), an alien is entitled to an adjustment of status at the Attorney General's discretion "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigration visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to [the alien] at the time his application is filed."   Even if Le's visa application was approved and an immigrant visa was immediately available to him, Le has not established that he is admissible to the United States for permanent residence. *See* 8 U.S.C. §§ 1101(b)(1), 1253(a).   As the record indicates, neither Le's pardon, the letter produced to show the unavailability of additional municipal court records, nor Le's testimony were sufficient to show that he does not have a disqualifying conviction.   The BIA's decision was based squarely on this evidence presented in the record, which supported its earlier decision.  In view of the evidence, we conclude that the BIA did not abuse its discretion in denying Le's motion for reconsideration.   Accordingly, Le is not entitled to review of the BIA's decision and we DENY Le's petition for review on this ground.

### CONCLUSION

For the reasons set forth above, we DENY Le's petition for review.