# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60553
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

August 22, 2017

Lyle W. Cayce
Clerk

STEPHANIE SARAHI FIGUEROA-VILLEDA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 936 559

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stephanie Sarahi Figueroa-Villeda, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's (BIA's) dismissal of her appeal of the Immigration Judge's (IJ's) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In that application, Figueroa-Villeda alleged that if she were to be removed to Honduras, she would be murdered, sexually

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60553

assaulted, raped, or physically attacked by gang members.  We generally review only the decision of the BIA but will review the IJ's decision where it affects the BIA's reasoning.  *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).

To support her claim for asylum and withholding of removal, Figueroa-Villeda was required to show that she suffered persecution or has a well-founded fear of future persecution in Honduras on the basis of her membership in a particular social group.  *See* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1)(B)(i); *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  However, the particular social group that Figueroa-Villeda identified—unattended young females who do not have a strong male presence—was too amorphous and would not be perceived as a group by Honduran society; thus, the group lacked sufficient social distinction and particularity.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012).  Accordingly, the BIA did not err in determining that Figueroa-Villeda was not eligible for asylum or withholding of removal because she was not a member of a protected social group.  *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 785-86 (5th Cir. 2016).

Moreover, substantial evidence supports the BIA's decision to deny Figueroa-Villeda's claim for CAT relief.  *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002).  The evidence showed that the Honduran government has taken steps to combat gang violence and sexual exploitation.  Though its actions may be imperfect and may not guarantee the safety of any particular individual, they sufficiently support the finding that the Honduran government would not acquiesce to any effort by gang members to harm Figueroa-Villeda.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006).

Accordingly, the petition for review is DENIED.