# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-60812
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2017

Lyle W. Cayce
Clerk

WILSON ANTONIO RIVERA-TORRES,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 651 038

———————

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Wilson Antonio Rivera-Torres, a native and citizen of El Salvador, moved to reopen to challenge his *in absentia* removal order entered in 2006. The Immigration Judge (IJ) denied his motion and the Board of Immigration Appeals (BIA) dismissed his appeal. Rivera moved to reconsider, which the BIA also denied. He petitions for review of only the BIA's order denying his motion to reconsider.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60812

"[T]he BIA's denial of a motion to reconsider [is reviewed] under a highly deferential abuse of discretion standard." *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). Because Rivera has not petitioned for review of the BIA's underlying order dismissing his appeal of the IJ's decision, we lack jurisdiction to review any challenge to that order. *Bright v. Holder*, 649 F.3d 397, 399 n.1 (5th Cir. 2011); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). We also lack jurisdiction to review any issue Rivera did not exhaust by first presenting it to the BIA. *E.g.*, *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).

Rivera fails to address how the BIA abused its discretion in denying reconsideration. Instead, he asserts: the notice of the removal hearing was improperly served on an attorney who no longer represented him; he was not required to comply with the procedural requirements for establishing a claim of ineffective assistance of counsel; or, in the alternative, he had substantially complied with those requirements and the BIA erred in requiring strict compliance. But, Rivera did not present these points to the BIA in his reconsideration motion; therefore, we lack jurisdiction to consider them. *See Bright*, 649 F.3d at 399 n.1; *Omari*, 562 F.3d at 318–19.

DISMISSED.