# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2018

Lyle W. Cayce
Clerk

No. 17-60359
Summary Calendar

ERNESTO  HERNANDEZ-RIVERA;  JUSTIN  ERNESTO  HERNANDEZ-REYES,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 682 045
BIA No. A208 682 046

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ernesto Hernandez-Rivera and his minor son, Justin Ernesto Hernandez-Rivera, appeal the decision of the Board of Immigration Appeals (BIA) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) and ordering that they be removed to El Salvador.  The BIA held that the Immigration Judge (IJ) did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

err in finding that Hernandez-Rivera's brother was killed because he was an active police officer working to stop gangs, rather than on account of a protected ground, and that the threats Hernandez-Rivera received did not rise to the level of past persecution.  The BIA also held the IJ did not err in finding that it was reasonable for Hernandez-Rivera to relocate within El Salvador because he has lived for several months in Rosario La Paz without threats or harm.  Finally, the BIA held that the IJ did not err in holding Hernandez-Rivera was not entitled to relief under the CAT because he did not show that it was more likely than not that he would by tortured by or with the acquiescence of a government official.

We review the BIA's legal conclusions de novo and its factual findings regarding eligibility for asylum and withholding of removal for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  Under the substantial evidence standard, "reversal is improper unless the court decides 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'"  *Id.* at 518 (quoting *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006)).  We review the decision of the IJ only to the extent that it influenced the BIA's decision.  *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).

On appeal, Hernandez-Rivera argues that (1) the agency erred in applying the bar on claims based on risks associated with the normal course of police work and that his case is distinguishable from *Matter of Fuentes*, 19 I. & N. Dec. 658 (BIA 1988), because his brother was off duty when he was killed; (2) the agency erred in finding the threats he received from gang members, his brother's murder, and the documentary evidence he presented did not rise to the level of past persecution; (3) the agency failed to make a finding regarding past persecution and thereby violated his due process rights;

No. 17-60359

(4) the evidence compels the conclusion that he has a well-founded fear of future persecution because he is a former police officer and because of his family membership; (5) relocation within El Salvador would be futile because he will be targeted by gangs no matter where he lives; and (6) the agency did not provide a reasoned consideration or justification for its decision that he did not meet his burden for relief under the CAT.

The BIA's conclusion that Hernandez-Rivera did not show that he suffered past persecution on account of a protected ground is supported by substantial evidence. *See Orellana-Monson*, 685 F.3d at 517. The record indicates that Hernandez-Rivera's brother was killed because he was working as a police officer trying to disrupt gang activity, rather than his status as a police officer. It also indicates that Hernandez-Rivera was threatened by gang members in revenge because they had been detained under suspicion of involvement in his brother's murder, rather than his status as a former police officer or his family membership. He did not show that the BIA erred in relying on *Matter of Fuentes* and did not cite any decision of this court limiting the case to police officers killed in the line of duty. *See Matter of Fuentes*, 19 I. & N. Dec. at 661-63 (holding that former police officers do not qualify for asylum if they were targeted by virtue of their actions to disrupt criminal activity). Further, he did not show that his family would be perceived as a recognizable group in El Salvador. *See Orellana-Monson*, 685 F.3d at 522; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492 (5th Cir. 2015).

Hernandez-Rivera has not shown that the BIA erred in holding that he did not show a well-founded fear of future persecution based on his status as a former police officer or his family membership. The record evidence established that he lived in Rosario La Paz, El Salvador, for several months without threats or harm. The evidence did not establish that he would be

No. 17-60359

recognized or targeted as a former police officer or a member of his family throughout El Salvador or that gang activity is so prevalent that no area of the country would be safe.  Therefore, he was not eligible for asylum.  *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 446 (5th Cir. 2001).  His son's claim is derivative of his own and, therefore, his son was also not eligible for asylum.  *See id.* at 521-22.  He has also failed to meet the higher standard of showing that he and his son are entitled to withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

The BIA and IJ held Hernandez-Rivera was not entitled to relief under the CAT because he had not shown government officials would acquiesce or consent to his torture or murder by gang members.  *See Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).  The BIA's conclusion is supported by substantial evidence.  *See Orellana-Monson*, 685 F.3d at 517.  The court has held that state action for purposes of the CAT is not shown that failure to apprehend the persons threatening the alien or a lack of financial resources to stop the threat or risk of torture.  *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-49 (5th Cir. 2006).

For the first time on appeal, Hernandez-Rivera argues that the agency's failure to make a finding concerning past persecution violated his due process rights.  We do not consider issues raised for the first time on appeal because he did not raise this issue in his appeal to the BIA.  *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

For these reasons, the petition is DENIED.  Hernandez-Rivera's motion to file an untimely reply brief is GRANTED.

4