# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60023
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2018

Lyle W. Cayce
Clerk

ERIC ALBERTO ANZALDUA-NEVAREZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 514 039

Before HAYNES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Eric Alberto Anzaldua-Nevarez, a native and citizen of Mexico, petitions this court for review of the denial of his motion for reconsideration by the Board of Immigration Appeals (BIA). Anzaldua-Nevarez applied for cancellation of removal or, alternatively, for voluntary departure. His application was denied. The BIA affirmed the Immigration Judge's (IJ) finding that Anzaldua-Nevarez is ineligible for cancellation of removal because he cannot establish a ten-year

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

period of continuous physical presence in the United States.  Before the IJ, Anzaldua-Nevarez testified that he accepted voluntary departure to Mexico in lieu of deportation on three occasions, once in 2005 and twice in 2009.

This court reviews the BIA's denial of a motion for reconsideration under a "highly deferential" abuse of discretion standard.  *Le v. Lynch*, 819 F.3d 98, 103-04 (5th Cir. 2016) (internal quotation and citation omitted).  This court reviews factual findings under a substantial evidence standard and will not reverse unless the evidence is "so compelling that no reasonable fact-finder could conclude against it." *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003) (internal quotation and citation omitted).

An alien seeking cancellation of removal has the burden of proving his eligibility, 8 U.S.C. § 1240.8(d), including that he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application," 8 U.S.C. § 1229b(b)(1)(A); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 214, 218 (5th Cir. 2003).

Anzaldua-Nevarez's brief fails to explain how the dissenting opinion in *In re Romalez-Alcaide*, 23 I. & N. Dec. 423 (BIA 2002), should apply in his case. In failing to explain why this court should accept the dissent's view over the majority's, Anzaldua-Nevarez has waived or abandoned the argument. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (inadequately briefed arguments are deemed waived or abandoned); *United States v. Coleman*, 610 F. App'x 347, 356 & n.3 (5th Cir. 2015) ("conclusory, nonspecific" argument "with little to no change made to account for the specific case being briefed" deemed abandoned).

Moreover, Anzaldua-Nevarez does not demonstrate how the BIA abused its discretion by following established precedent.  Voluntary departure under threat of immigration proceedings stops the accrual of ten years of continuous

No. 18-60023

physical presence. *Mireles-Valdez*, 349 F.3d at 214, 218-19; *Romalez-Alcaide*, 23 I. & N. Dec. at 423, 425-29. Substantial evidence, including Anzaldua-Nevarez's testimony, establishes that he voluntarily departed from the United States in lieu of the commencement of deportation proceedings. He is therefore ineligible for cancellation of removal. § 1229b(b)(1)(A).

The petition for review is DENIED.