# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-60544
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2019

Lyle W. Cayce
Clerk

FRANCISCA BARRIENTOS TELON,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

————————————

Consolidated With 17-60847

FRANCISCA BARRIENTOS TELON, also known as Marta Santos Gutierrez,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

————————————

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A097 896 817

————————————

No. 17-60544
c/w No. 17-60847

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Petitioner Francisca Barrientos Telon has petitioned for review of decisions of the Board of Immigration Appeals (BIA) (1) denying and dismissing her application for withholding of removal alleging past persecution and a fear of future persecution based on membership in a particular social group and requesting relief under the Convention Against Torture (CAT) and (2) and denying her motion for reconsideration. Barrientos Telon asserts that she fled to the United States because of extortionate gang violence and that she has been persecuted because of her efforts to investigate the murder of her son by gang members and because of her family ties. She fears that she will be tortured on returning to Guatemala.

The BIA's decision with respect to an alien's eligibility for withholding of removal is a fact finding reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, the BIA's determination will be upheld "unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

For CAT relief, an alien must prove that it is more likely than not that she will be tortured if she is removed to the proposed country of removal, but she is not required to show that the torture will be on account of a protected ground. *Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002); *see also Chen*, 470 F.3d at 1138-39; 8 C.F.R. § 1208.16(c)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60544
c/w No. 17-60847

The denial by the BIA of a motion for reconsideration is reviewed under a highly deferential abuse-of-discretion standard. *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under that standard, we will not disturb the BIA's decision, even if we determine that the BIA decision is "in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984).

The BIA's determinations in denying withholding of removal that (1) Barrientos Telon's past persecutors were centrally motivated only by criminality, extortion, and retribution and not on account of Barrientos Telon's membership in a particular social group, and (2) she has not shown a reasonable fear of future persecution are supported by substantial evidence. *See Tesfamichael*, 469 F.3d at 113; *see also Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

Contrary to Barrientos Telon's contentions, the BIA did not apply incorrect standards in reviewing the Immigration Judge's rejection of her CAT claim. The BIA's denial of Barrientos Telon's request for protection under the CAT is supported by substantial evidence. *See Chen*, 470 F.3d at 1139, 1142-43; *see also Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). Barrientos Telon has not shown that the BIA abused its discretion in denying her motion for reconsideration. *See Le*, 819 F.3d at 104.

The petitions for review are DENIED.