# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2020

Lyle W. Cayce
Clerk

No. 19-60411
Summary Calendar

Olayo Castillo-Carballo,

*Petitioner*,

*versus*

William P. Barr, U. S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 793 267

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.
Per Curiam:*

Olayo Castillo-Carballo, a native and citizen of Honduras, petitioned for review of an order of the Board of Immigration Appeals (BIA) denying his motion seeking reconsideration of the BIA's dismissal of his appeal from an immigration judge's order denying his motion to reopen.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60411

Castillo-Carballo contends that the BIA erred, as a matter of law, and abused its discretion in denying his motion for reconsideration. Specifically, he argues that, pursuant to *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), only a single, proper notice to appear – which specifies the time and place of the removal hearing – can satisfy the written notice requirements of 8 U.S.C. § 1229(a) and 8 U.S.C. § 1229a(b)(5)(A). Given that Castillo's notice to appear did not contain the time and place of his removal hearing, he asserts that he did not receive a proper notice to appear and, thus, could not be ordered removed in absentia.

This court has already rejected similar challenges and concluded that *Pereira* is limited to the context of the stop-time rule in cancellation of removal proceedings. *See Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 n.1 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). Moreover, even if Castillo-Carballo's notice to appear was defective under § 1229(a), any alleged defect was cured by the subsequent notices of hearing which contained the time and place information for his removal proceedings. *See Pierre-Paul v. Barr*, 930 F.3d 684, 690-91 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779); *see also Yanez-Pena v. Barr*, 952 F.3d 239, 247 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 8, 2020) (No. 19-1208). Castillo-Carballo thus fails to show that the BIA committed legal error or abused its discretion in denying his motion for reconsideration based on *Pereira*. *See Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016); *see also Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The petition for review is DENIED.

2