# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2021

Lyle W. Cayce
Clerk

No. 19-60494
Summary Calendar

SONIA LEONOR GUTIERREZ-ABREGO,

*Petitioner*,

*versus*

ROBERT M. WILKINSON, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 967 905

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Sonia Leonor Gutierrez-Abrego, a native and citizen of Honduras who entered the United States unlawfully in April 2002, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motion for reconsideration from dismissal of her appeal of an immigration judge's 7

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

February 2018 denial of her motion to reopen removal proceedings, which resulted in a 3 February 2003 *in absentia* order of removal.

Our court reviews the BIA's denial of a motion to reconsider with an understandably "highly deferential abuse of discretion standard". *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). Accordingly, the BIA's decision is upheld unless it is capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary. *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006). For the following reasons, there was no abuse of discretion.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Gutierrez claims service in May 2002 of her notice to appear did not end her continuous physical presence in the United States because the notice did not specify the date and time of her initial removal hearing. She contends *Pereira* did not hold a later-issued notice of hearing may perfect the notice to appear and end an alien's period of continuous presence. Further, Gutierrez asserts the BIA, which relied on its decision in *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520 (BIA 2019), wrongly denied her motion for remand by finding she was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

After *Pereira* and consistent with *Mendoza-Hernandez*, our court held a notice to appear is perfected, and a period of continuous physical presence ends, when an alien receives all statutorily required information, even if the information is provided in more than one document. *Yanez-Pena v. Barr*, 952 F.3d 239, 245–46 (5th Cir. 2020), *petition for cert. filed* (U.S. 10 Apr. 2020) (No. 19-1208); *see also Pierre-Paul v. Barr*, 930 F.3d 684, 689–90 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020). Gutierrez, therefore, was not eligible for cancellation of removal. Her notice to appear was perfected, and her period of continuous physical presence ended, when the immigration court mailed her a hearing notice containing the required information. *See*

*Yanez-Pena*, 952 F.3d at 241, 245–46.  The service of that notice was done within ten years of her entry into the United States.  *See* § 1229b(b)(1).

　　DENIED.