**Hernan Jonathan Echeverria MEJIA, Petitioner**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

**No. 15–60174**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Gino Mario Mesa, Esq., Law Office of Gino M. Mesa, Houston, TX, for Petitioner.

Colette Jabes Winston, Esq., Trial Attorney, Tangerlia Cox, Anthony Cardozo Payne, Assistant Director, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Hernan Jonathan Echeverria Mejia (Mejia), a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of Mejia's application seeking asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Mejia argues that the BIA wrongly denied his application for asylum even though he established that he was persecuted because of, and had a well-founded fear of future persecution based upon, his membership in a particular social group. He has not presented any argument regarding the denial of his applications for withholding of removal and relief under CAT. Therefore, he has abandoned any related claims. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir.2003).

Because the BIA agreed with the IJ's determinations regarding Mejia's eligibility for relief, both the BIA's and IJ's decisions are reviewable. See Wang v. Holder, 569 F.3d 531, 536 (5th Cir.2009). Under the substantial evidence standard, Mejia must demonstrate that the evidence is so compelling that no reasonable factfinder could reach a conclusion contrary to that of the IJ and BIA. Id. at 536–37.

An alien seeking asylum must demonstrate past persecution or a well-founded fear of persecution because of one of five protected grounds, including, inter alia, membership in a particular social group. 8 U.S.C. § 1158(b)(1)(A), (B)(i); Shaikh v. Holder, 588 F.3d 861, 864 (5th Cir.2009). Mejia contends that he was a member of a group of business owners extorted by criminal groups. However, this alleged social group lacks the requisite social distinction and particularity to be cognizable. See Orellana–Monson v. Holder, 685 F.3d 511, 521–22 (5th Cir.2012). We have previously held that business owners subject to extortion and persons antagonistic to gangs are not protected groups under immigration law. See Castillo–Enriquez v. Holder, 690 F.3d 667, 668 (5th Cir.2012); Orellana–Monson, 685 F.3d at 522. Further, the record reflects that the gangs targeted Mejia and his family to extort money from their business and not to punish them for having a particular status. We have held that economic extortion is not a form of persecution based upon a protected group. See Garcia v. Holder, 756 F.3d 885, 890 (5th Cir.2014).

Mejia notes that his business has a familial component and suggests that he belongs to a social group of family members who own businesses that are targeted by gangs. To the extent that Mejia seeks to assert a particular social group for the first time on appeal, we do not have jurisdiction to review his claim because it was not exhausted. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir.2001). Further, to the extent that Mejia seeks to argue that the social group that he did exhaust—i.e., "business owners extorted by criminal

---

groups"—is cognizable because his familial relationship with the business rendered the group immutable and distinct, his argument is unavailing. Mejia has not shown that the alleged group has the required immutability, social visibility, or particularity. *See Castillo–Enriquez,* 690 F.3d at 668; *Orellana–Monson,* 685 F.3d at 518–19, 522.

Accordingly, the record does not compel a finding contrary to that of the BIA with regard to whether Mejia is eligible for asylum. *See Wang,* 569 F.3d at 537. Mejia's petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.