# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

No. 16-60512
Summary Calendar

YOLANDA ELIZABETH RODRIGUEZ-GUZMAN; LITZY GRACIELA NUNFIO-RODRIGUEZ; JEREMY JOSE NUNFIO-RODRIGUEZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 171 547
BIA No. A208 171 548
BIA No. A208 171 549

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Yolanda Elizabeth Rodriguez-Guzman and her two minor children, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal of the Immigration Judge's denial of her application for asylum and withholding of removal. In

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

that regard, Rodriguez asserts the BIA erred by ruling she was ineligible for relief.

Denials of asylum are reviewed for substantial evidence. *Zhang v. Gonzalez*, 432 F.3d 339, 344 (5th Cir. 2005). To succeed under the substantial-evidence test, Rodriguez must demonstrate the evidence compels a conclusion contrary to that of the BIA. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

The Attorney General may grant asylum to a person who is "unable or unwilling to return [to his country] 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion'". *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994) (quoting 8 U.S.C. § 1101(a)(42)(A)). The applicant must demonstrate "race, religion, nationality, or membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant". *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (quoting 8 U.S.C. § 158(b)(1)(A)) (emphasis in original).

Rodriguez asserts the evidence shows she was persecuted on account of her membership in a particular social group: small-business owners who flee their home countries because of extortion from gangs. The evidence, however, does not compel a finding Rodriguez suffered past persecution, or has a well-founded fear of future persecution because she belongs to a particular social group.

Additionally, Rodriguez has not demonstrated her proposed particular social group is cognizable. *E.g.*, *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (economic extortion not a form of persecution); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) ("risk of persecution alone does not create a particular social group"). Our court has held "business

No. 16-60512

owners subject to extortion and persons antagonistic to gangs are not protected groups under immigration law". *Mejia v. Lynch*, 633 F. App'x 269, 270 (5th Cir. 2016) (citing *Castillo-Enriquez*, 690 F.3d at 668; *Orellana-Monson*, 685 F.3d at 522). Because Rodriguez has not shown she was or will be subject to persecution based on her membership in a protected social group, she does not satisfy the standard for asylum.

To obtain withholding of removal, Rodriguez must "show a higher objective likelihood of persecution than that required for asylum". *Chen v. Gonzalez*, 470 F.3d 1131, 1138 (5th Cir. 2006) (citing *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)). Because Rodriguez fails to meet the standard for asylum, her withholding-of-removal claim necessarily fails as well. *Id.*

DENIED.