# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

No. 16-60480
Summary Calendar

ROSA LINA SORTO DE PORTILLO; INMER ADONIAS PORTILLO-SORTO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 079 728
BIA No. A202 079 729

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

After conceding removability, Rosa Lina Sorto de Portillo, a native and citizen of El Salvador, applied for asylum and withholding of removal, based on threats and extortion attempts she and her family received in El Salvador. She designated her minor son, Inmer Adonias Portillo-Sorto, as a derivative beneficiary of the application.  Sorto de Portillo and Portillo-Sorto seek review

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-60480

of the Board of Immigration Appeals' (BIA) order dismissing their appeal from the immigration judge's (IJ) denial of their applications for relief.

Denials of asylum are reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under substantial-evidence review, this court may not reverse a factual finding unless the evidence not only supports a contrary conclusion, but compels it. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Because the BIA expressly agreed with the IJ's determinations regarding the petitioners' eligibility for relief, both decisions are reviewable. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007) ("When the IJ's ruling affects the BIA's decision . . . we also review the decision of the IJ").

The IJ and BIA determined, *inter alia*, petitioners were not entitled to asylum based on past persecution because they failed to establish the harm suffered in El Salvador rose to the level of persecution; they were members of a protected social group; or the harm they suffered was based on their membership in a protected social group. As discussed below, and contrary to the contentions raised by petitioners, those findings are supported by substantial evidence.

Petitioners contend they were subject to past persecution. Along that line, they were sent two isolated letters, nine years apart, containing threats and extortion demands. Petitioners also point to a rock-throwing incident, which did not result in any physical harm and was not tied clearly to the extortion attempts and threats against them. These incidents, without more, do not compel a finding of persecution. *E.g.*, *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (refusing to recognize economic extortion as persecution); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (declining

2

to find persecution even though alien was "struck in the head with a rock while walking to church" and exposed to "denigration, harassment, and threats").

Nor did petitioners show they, as "small business owners who had fled El Salvador after being extorted by gangs", were members of a protected group. *E.g.*, *Castillo-Enriquez*, 690 F.3d at 668 (refusing to recognize persons connected by economic status as a protected group). As an initial matter, our court has held "business owners subject to extortion and persons antagonistic to gangs are not protected groups under immigration law". *Mejia v. Lynch*, 633 F. App'x 269, 270 (5th Cir. 2016) (citing *Castillo-Enriquez*, 690 F.3d at 668). Moreover, even if small-business owners were a protected group, petitioners did not demonstrate they were harmed based on their membership in that group. The record shows petitioners were targeted for criminal and financial reasons, not to punish them for their status as business owners. *E.g.*, *Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014).

For those same reasons, the IJ and BIA's ruling petitioners failed to establish a well-founded fear of future persecution also is supported by substantial evidence. Petitioners alleged a fear of future persecution based on the same facts they alleged in support of their claim of past persecution, and those facts did not show they were members of a protected group.

In addition, petitioners did not challenge the immigration courts' determination that they could not establish a well-founded fear of persecution because they: (1) could safely relocate within El Salvador; and (2) failed to show the El Salvadoran government was unwilling or unable to protect them. *E.g.*, *Singh v. Gonzales*, 156 F. App'x 714, 715–16 (5th Cir. 2005) (no well-founded fear of persecution if applicant can reasonably relocate to another part of his country).

No. 16-60480

Finally, the BIA and IJ's determination that petitioners are not eligible for withholding of removal is supported by substantial evidence. Petitioners' failure to establish a well-founded fear of persecution upon their return to El Salvador for purposes of asylum necessarily means they did not satisfy the "higher standard of proof" for withholding of removal. *Eduard*, 379 F.3d at 186 n.2.

DENIED.