# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2018

Lyle W. Cayce
Clerk

ALEJANDRINA RUBI-VENTURA; KEVIN JOEL MARQUEZ-RUBI;
CHRISTOPHER ALEJANDRO MARQUEZ-RUBI,

Petitioners,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 206 245 332
No. A 206 245 333
No. A 206 245 334

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Alejandrina Rubi-Ventura, a native and citizen of Honduras, applied for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60420

asylum, withholding of removal, and withholding of removal under the Convention Against Torture ("CAT"). She designated her minor sons, Kevin and Christopher Marquez-Rubi, as derivative beneficiaries of the application. Rubi-Ventura sought relief based on threats and extortion she suffered in Honduras from individuals she thought were members of a gang. She and her sons petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal of the denial by the immigration judge ("IJ") of their applications for immigration relief.

Because the BIA agreed with the IJ's determinations regarding the petitioners' eligibility for immigration relief, both decisions are reviewable. *See Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). This court reviews findings of fact for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under substantial-evidence review, this court may not reverse a factual finding unless the evidence compels a contrary conclusion. *Id.*

Substantial evidence supports the findings that Rubi-Ventura was not entitled to asylum because she did not establish harm rising to the level of persecution or show that she was harmed for her membership in a protected social group. That she received threatening phone calls and was the victim of robbery, which did not result in physical harm, does not compel a finding of persecution. *See Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Rubi-Ventura did not show that small-business owners in Honduras extorted or victimized by gang members constituted a protected group. *See Mejia v. Lynch*, 633 F. App'x 269, 270 (5th Cir. 2016). Because she did not exhaust a claim based on former business owners or business owners who are mothers, this court lacks jurisdiction to review a claim based on those particular characteristics. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

No. 17-60420

Accordingly, Rubi-Ventura fails to show that she was eligible for asylum. *See Chen*, 470 F.3d at 1138.  Because her sons' claims are derivative of hers, she has failed to show that her sons are eligible for asylum.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012).  Rubi-Ventura has also failed to meet the higher standard of showing that she and her sons are entitled to withholding of removal.  *See Chen*, 470 F.3d at 1138.  She has abandoned any challenge to the denial of relief under the CAT.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.