# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60595
Summary Calendar

———————

Yonis Del Carmen Rivera-Alvarez; Alis Yasmin Chavez-Rivera; Eimy Del Carmen Chavez-Rivera,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 238 530,
A209 238 531, A209 238 532

———————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Yonis Del Carmen Rivera-Alvarez, a native and citizen of El Salvador, entered the United States illegally with her two daughters on July 11, 2016. She petitions for review of a decision of the Board of Immigration Appeals

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(BIA), that dismissed her appeal and affirmed the immigration judge's (IJ's) denial of her claims for asylum and withholding of removal.[1]

"We generally have authority to review only the decision of the BIA." *Gebrgzabher v. Garland*, 55 F.4th 996, 1000 (5th Cir. 2022) (internal quotations and citation omitted). "But we will consider the IJ's decision when, as here, 'the IJ's ruling affects the BIA's decision.'" *Id.* (quoting *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007)). "We review the BIA's and IJ's legal conclusions *de novo*." *Id.* And we review "any factual conclusions, including whether an applicant is ineligible for asylum, for substantial evidence." *Id.* Substantial evidence "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). We will not reverse the BIA's factual findings "unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotations and citation omitted).

Rivera-Alvarez earned a living in El Salvador by selling seafood, and later, raffle tickets. But whenever she went to the market to make sales, street gangs demanded that she pay them a fee. The street gangs threatened to harm her and her family if she did not pay. She fled El Salvador to "to seek refuge from the threats and harassment that she experienced at the hands" of these gangs.

In her petition, Rivera-Alvarez argues that the BIA erred by determining that "Salvadoran small business vendors" is not cognizable as a particular social group. We disagree. "This court does not recognize economic extortion as a form of persecution under immigration law." *Garcia*

---

[1] Because Rivera-Alvarez is the lead petitioner and her daughters' claims for immigration relief are derivative of her claim, this opinion refers only to Rivera-Alvarez.

*v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *see Mejia v. Lynch*, 633 F. App'x 269, 270 (5th Cir. 2016) (noting that the proposed particular social group of "business owners extorted by criminal groups" fails because it "lacks the requisite social distinction and particularity to be cognizable"); *Penado-Hernandez v. Barr*, 795 F. App'x 283, 285 (5th Cir. 2020) ("[B]usiness owners, wealthy Salvadorans, and persons subject to economic extortion are not protected groups.").

Even if Rivera-Alvarez's proposed particular social group were cognizable, she must show a nexus between that group and some past or feared future persecution. *See, e.g.*, *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 349 (5th Cir. 2002). Here, the agency found that she had not made that showing, and the agency relied on that failure to deny her claims. Rivera-Alvarez does not challenge that finding in her opening brief. And while she does address the nexus requirement in her reply brief, that is not sufficient to preserve the issue for review. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012). Because the BIA's unchallenged nexus determination is sufficient to dispose of Rivera-Alvarez's claims for asylum and withholding of removal, it presents an alternative ground for denial, and we need not address her remaining claims.[2]

The petition for review is DENIED.

---

[2] Rivera-Alvarez also argues that the IJ erred by citing *Matter of A-B-*, 27 I. & N. Dec. 316, 316 (U.S. Att'y Gen. 2018) (*A-B-I*), a decision which has since been vacated. *See Matter of A-B-*, 28 I & N. Dec. 307, 309 (U.S. Att'y Gen. 2021) (*A-B- III*). But the IJ cited *A-B- I* only to show that "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." That general proposition is good law, even after *A-B- III*. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).