# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60602
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

MARINA BENITEZ RAMOS,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 727 477

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marina Benitez Ramos, a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In a hearing before the IJ, Benitez Ramos testified that after she reported the attempted rape of her daughter by a gang member to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60602

Salvadoran police, she received two phone calls from someone threatening to kill her and her family if she did not drop the charges against her daughter's attacker.  She also testified that, after her daughter's attacker was prosecuted and convicted, a man shot at her while she was on her way home from work.  She believed that the phone calls and the shooting were perpetrated by other members of the gang to which her daughter's attacker belonged.

We generally review only the decision of the BIA, but we will review the IJ's decision where, as in this case, it affects the BIA's analysis.  *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016).  Determinations of ineligibility for asylum, withholding of removal, or relief under CAT are reviewed for substantial evidence.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it."  *Id.* (internal quotation marks and citations omitted).  Benitez Ramos carries the burden of demonstrating that the evidence compels a contrary conclusion.  *Id.*

The Attorney General has the discretion to grant asylum to "an alien who is unable or unwilling to return to [her] home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1101(a)(42)(A)).  To qualify for asylum, the persecution must be committed by either "the government or forces that a government is unable or unwilling to control."  *Tesfamichael v. Gonzalez*, 469 F.3d 109, 113 (5th Cir. 2006).

Benitez Ramos argues that the two phone calls and shooting qualify as past persecution; that the circumstantial evidence supports a finding that the shooting was on account of her political opinion (opposition to violence) or

membership in a particular social group (people who report crimes to the police and assist family members in testifying); that the murder of her daughter's father demonstrates that she has a well-founded fear of future persecution; that she did not report the second threatening phone call or the shooting to the police because it would have been futile; and that, based upon a recent State Department report on El Salvador, she is eligible for protection under CAT.

Even assuming that Benitez Ramos established persecution on account of political opinion or membership in a particular social group, substantial evidence supports the BIA's conclusion that she is not eligible for asylum because she failed to establish that the Salvadoran government is unable or unwilling to control her alleged persecutors. As Benitez Ramos concedes, the police responded to her complaint regarding the first threatening phone call that she received,[1] and yet she did not report the subsequent shooting to the police. While she contends that reporting would have been futile, the evidence—particularly the fact that the police successfully prosecuted her daughter's attacker—does not compel that conclusion.

Substantial evidence also supports the BIA's conclusion that Benitez Ramos failed to establish a well-founded fear of future persecution. After Benitez Ramos fled to a nearby town following the shooting, she was able to commute back and forth for work for approximately three years without incident. Neither she nor her daughter has suffered any harm since the attempted shooting, which occurred in 2011. The record does not compel the conclusion that Ramos Benitez has a well-founded fear of future persecution.

---

[1] The police did not pursue the matter because there was insufficient evidence of the source of the phone call. But "as long as a government is taking reasonable steps to protect its citizens from harm," we cannot say that the government is unable or unwilling to control alleged persecutors even if the government is ultimately unsuccessful. *See Aligwekwe v. Holder*, 345 F. App'x 915, 921 (5th Cir. 2009).

No. 17-60602

Benitez Ramos also challenges the denial of her claims for withholding of removal and relief under CAT. "To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return." *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994)). That is a higher standard than for asylum, *id.*, and Benitez Ramos's failure to establish past persecution or a well-founded fear of persecution sufficient for asylum therefore necessarily means she has also failed to establish persecution sufficient to warrant withholding of removal. Finally, substantial evidence supports the BIA's conclusion that Benitez Ramos is not entitled to relief under CAT. To obtain relief under CAT, an applicant must show that she has been tortured "by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1). Benitez Ramos argues that the most recent State Department report for El Salvador demonstrates that the government is acquiescent to gang violence, but she has failed to establish the requisite evidence that a public official, "prior to the activity constituting torture, ha[d] awareness of such activity and thereafter breach[ed] his or her legal responsibility to intervene to prevent such activity." *Id.* § 1208.18(a)(7); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

PETITION FOR REVIEW DENIED.

4