# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60519
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2019

Lyle W. Cayce
Clerk

YESENIA HERNANDEZ-DE CORNEJO; SOFIA VERENICE CORNEJO-HERNANDEZ,

Petitioners

v.

MATTHEW G. WHITAKER, ACTING U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 081 004
BIA No. A202 081 005

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Yesenia Hernandez-De Cornejo and her daughter Sofia Verenice Cornejo-Hernandez, natives and citizens of El Salvador, petition for review of decisions of the Board of Immigration Appeals (BIA). The BIA dismissed their appeal and affirmed the order of the immigration judge (IJ) that denied their requests for asylum, withholding of removal, and relief under the Convention

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60519

Against Torture (CAT).  The BIA also denied their motion to reconsider the dismissal of their appeal.  Maintaining that she is entitled to asylum, withholding of removal, and CAT relief, Hernandez-De Cornejo contends that she adequately demonstrated eligibility for relief based on her membership in a particular social group, her political opinion, and her religion.

We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA.  *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).  Questions of law are reviewed de novo, and factual findings are reviewed for substantial evidence.  *Id.*  Under the substantial evidence standard, "reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  The alien has the burden of proving the required compelling nature of the evidence.  *Majd v. Gonzalez*, 446 F.3d 590, 594 (5th Cir. 2006).

As an initial matter, Hernandez-De Cornejo has abandoned by failing to brief any meaningful argument to the denial of her claim for asylum and withholding of removal based on alleged past persecution.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); FED. R. APP. P. 28(a)(8)(A).

Hernandez-De Cornejo contends that the BIA erred by applying *Matter of S-E-G-*, 24 I. & N. Dec. 579, 582 (BIA 2008), which held that a particular social group must "have particular and well-defined boundaries" and it must "possess a recognized level of social visibility."  Relying on Seventh Circuit case law, she contends that those requirements are inherently illogical, ambiguous, and impermissible.  Her argument is unavailing.  In *Orellana-Monson v. Holder*, 685 F.3d 511, 521 (5th Cir. 2012), we upheld the particularity and social visibility test and concluded that it is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842

(1984). *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016). Turning to her alleged membership in a particular social group, Hernandez-De Cornejo states in only conclusory terms that her proposed social group satisfies the requirements under the applicable framework. By inadequately briefing any argument that she qualifies for asylum or withholding of removal based on her membership in a particular social group, she has abandoned that issue. *See Soadjede*, 324 F.3d at 833.

Next, Hernandez-De Cornejo argues that she has demonstrated eligibility for asylum and withholding of removal based on her political opinion and her religion. She reasons that her opposition to criminal street gangs in El Salvador qualifies as a political opinion because the gangs act as the de facto government there.

To show persecution on account of political opinion, Hernandez-De Cornejo "must show proof of a nexus between [her] political opinion and the persecution." *Sharma v. Holder*, 729 F.3d 407, 412 (5th Cir. 2013). "The relevant question is the motivation of the persecutor. The alien must demonstrate through some evidence, either direct or circumstantial, that the persecutors know of [her] (the alien's) political opinion and has or will likely persecute [her] *because* of it." *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 351 (5th Cir. 2002).

The evidence does not compel us to conclude that Hernandez-De Cornejo has presented evidence that shows that the gangs "know of [her]" opposition to them "or will likely persecute [her] *because* of it." *Id.* Moreover, we agree with the respondent that Hernandez-De Cornejo has waived by failing to brief adequately any challenge to the BIA's conclusion that she failed to demonstrate the required nexus between any persecution and her religious beliefs. *See Soadjede*, 324 F.3d at 833. Accordingly, Hernandez-De Cornejo

has not demonstrated that the evidence compels a reversal of the BIA's dismissal of her appeal from the IJ's denial of her requests for asylum and withholding of removal based on her failure to demonstrate that either her membership in a particular social group, her political opinion, or her religion was a central reason for the alleged persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Zhang*, 432 F.3d at 344; *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006).

Turning to her claim for relief under the CAT, Hernandez-De Cornejo was required to show that it is more likely than not that she will be tortured upon return to her home country and there is sufficient state action involved. *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014). Because her brief has not meaningfully challenged the BIA's reasons for denying her CAT claim, Hernandez-De Cornejo is deemed to have waived the claim. *See Soadjede*, 324 F.3d at 833. Even if she had briefed the issue of torture, she fails to demonstrate that the denial of relief under the CAT is reversible on substantial evidence review. *See Garcia*, 756 F.3d at 890.

Hernandez-De Cornejo also contends that the IJ's decision, and the BIA's decision that followed it, are defective and thus invalid because there is no transcript of any pre-merits hearing and because the IJ's decision did not contain an "explanation of the finding of removability." To establish her claim of a due process violation based on alleged deficiencies in the administrative record, Hernandez-De Cornejo must make a showing of prejudice; she has failed to make the requisite showing. *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008).

The last argument Hernandez-De Cornejo raises relates to the BIA's denial of her motion to reconsider its dismissal of her appeal. She argues that the BIA abused its discretion in denying the motion because neither the IJ nor

the BIA considered that the gangs are the de facto government in El Salvador and that her opposition to them thus qualifies as a political opinion. As a threshold matter, we note that her additional petition for review was received in this court on December 28, 2017, and thus was timely filed. *See* 8 U.S.C. § 1252(b)(1); FED. R. APP. P. 25(a)(2)(A).

Nevertheless, we disagree with Hernandez-De Cornejo's arguments in support of this petition. The BIA announced its decision on appeal "in terms sufficient to enable [us] to perceive that [the BIA] has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002). Hernandez-De Cornejo did not demonstrate any error of law of fact with respect to the BIA's dismissal of her appeal. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Further, she has not demonstrated that the denial of her motion to reconsider was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984). Hernandez-De Cornejo thus has not demonstrated that the BIA abused its discretion by denying reconsideration. *Le v. Lynch*, 819 F.3d 98, 104, 111 (5th Cir. 2016).

The petitions for review are DENIED.