**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 18-60200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2019

Lyle W. Cayce
Clerk

DAMARIS DEL CARMEN FLORES DE MUNDO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 843 081

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Damaris Del Carmen Flores de Mundo, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed her appeal, affirming the order of the immigration judge (IJ) that denied her requests for withholding of removal and relief under the Convention Against Torture (CAT). Flores de Mundo contends that she was entitled to withholding because she faces persecution for being a witness

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a gang crime. She also contests the determination that she failed to prove that the Salvadoran government would acquiesce to her torture, as required by the CAT.

We generally review only the BIA's decision. But if the IJ's decision affected the BIA's, as it did in this case, we review it as well. *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). Issues of law are reviewed de novo. *Id.* at 103. Factual findings are reviewed for substantial evidence, meaning reversal is proper only if the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The BIA held that Flores de Mundo did not meet her burden to prove that she would suffer persecution in El Salvador "because of" a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). More precisely, she had not shown that her proffered protected class—"Young adult Salvadorian women from Puerto El Triunfo who have been witness to crime activities by the MS-13 Gang"— was sufficiently socially distinct to qualify as a "particular social group." *See id.*; *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016). The record does not compel the conclusion that Flores de Mundo's society views witnesses to MS-13's crimes as "substantially different from anyone else in the general population who resists [MS-13] or otherwise threatens their interests," so we uphold the BIA's rejection of her claim for withholding of removal. *Hernandez-De La Cruz*, 819 F.3d at 787.

Although the CAT does not require a nexus between the prospects of torture and a protected ground, it does require that the state would either instigate or acquiesce to the torture. 8 C.F.R. §§ 208.16(c)(2), 218.18(a)(1). The BIA upheld the IJ's finding that Flores de Mundo had not proven this state action element. The record evidence of police and government corruption vis-à-vis the gangs in El Salvador does not compel a contrary finding because it

No. 18-60200

does not speak conclusively to Flores de Mundo's circumstances.  *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017).

Finally, Flores de Mundo argues that the BIA committed legal error by failing to address the IJ's conclusion that the harm she suffered did not amount to torture or persecution.  But there was no need to review that part of the IJ's decision because the parts the BIA had already upheld meant that Flores de Mundo was not entitled to relief on either of her claims.

The petition for review is DENIED.