# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60860
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

BLANCA DOMINGUES,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 065 737

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Blanca Domingues, a native and citizen of Honduras, was ordered removed from the United States, *in absentia*, after failing to appear for a hearing during her removal proceedings. She petitions only for review of the Board of Immigration Appeals' (BIA) denying her motion for reconsideration of its dismissal of her appeal from an immigration judge's (IJ) denying her motion to reopen removal proceedings.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60860

"We review the BIA's denial of a motion to reconsider under a highly deferential abuse[-]of[-]discretion standard." *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016) (citations omitted).  Under that standard, "[t]he court will not find an abuse of discretion unless the decision is capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* (internal quotation marks and citation omitted).  The BIA's factual findings are reviewed for substantial evidence and are upheld "unless the evidence compels a contrary conclusion and is so compelling that no reasonable factfinder could conclude against it".  *Id.* (internal quotation marks and citation omitted).

"The BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require[s] [its] own petition[] for review." *Jaquez-Vega v. Gonzales*, 140 F. App'x 547, 548 (5th Cir. 2005) (per curiam).  Therefore, because Domingues did not separately petition for review of the BIA's dismissal of her appeal from the IJ's denial of her motion to reopen, we lack jurisdiction to consider contentions challenging that ruling but not raised in the present petition.  *See id.* (citations omitted).

Additionally, Domingues failed to exhaust her claims that her due-process rights were violated, that there was a violation of the United Nations Refugee Convention, that the IJ never inquired about whether she provided her address before ordering her removal *in absentia*, that safeguards should have been in place to protect her fundamental rights because she was a victim of abuse, and that the record did not show whether she was advised of her right to counsel.  We therefore similarly lack jurisdiction over these issues.  *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) (noting, *inter alia*, that petitioners "fail to exhaust their administrative remedies as to an issue if they

No. 18-60860

do not first raise the issue before the BIA" and that "failure to exhaust an issue deprives this court of jurisdiction over that issue" (citations omitted)).

To the extent Domingues challenges the BIA's decision not to exercise its *sua sponte* authority to grant her motion for reconsideration, we also lack jurisdiction. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004) (holding this court lacks jurisdiction because "a reviewing court has no legal standard against which to judge an IJ's decision not to invoke its *sua sponte* authority" and "Supreme Court precedent prohibits review of such discretionary decisions" (citations omitted)), *overruled on other grounds by Mata v. Lynch*, 135 S. Ct. 2150 (2015); *see also Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206–07 (5th Cir. 2017) (addressing lack of jurisdiction to reopen or reconsider an IJ's *sua sponte* authority).

Further, by failing to brief any challenge to the BIA's determination that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), does not apply to her case, Domingues has abandoned that claim. *See, e.g.*, *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("Generally speaking, a [party] waives an issue if [s]he fails to adequately brief it." (citations omitted)).

Regarding Domingues' assertion that she did give immigration officials the address in Pennsylvania where she would be staying, and the BIA therefore abused its discretion in denying her motion to reconsider, the record evidence does not "compel[] a contrary conclusion" to the factual finding that she did not provide her address. *See Le*, 819 F.3d at 104 (citation omitted). Immigration documents in the record state that she did not do so, and her affidavit suggests she provided only the name of her cousins with whom she would be staying, not their address, to an immigration officer.

DISMISSED IN PART and DENIED IN PART.