# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2020

Lyle W. Cayce
Clerk

No. 19-60121
Summary Calendar

KRISHNA PRASAD SHARMA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 164 734

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Krishna Prasad Sharma, a native and citizen of Nepal, petitions for review of a decision by the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He alleged that he had been persecuted in the past by members of the Communist Party of Nepal (Maoists) and will likely suffer future persecution

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and torture if returned to Nepal due to his political activities on behalf of the Nepalese Congress Party.

We generally review only the decision of the BIA but will review the IJ's decision where, as in this case, it affects the BIA's analysis. *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016). Determinations of ineligibility for asylum, withholding of removal, or relief under CAT are reviewed for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Id.* (internal quotation marks and citations omitted).

Sharma devotes the majority of his petition for review to the argument that the IJ erred in determining that he failed to establish eligibility for asylum by failing to show either past persecution or a well-founded fear of future persecution. However, he does not brief any argument challenging the IJ's alternative denial of asylum as a matter of discretion and has therefore abandoned any such challenge. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He also failed to exhaust any argument challenging the discretionary denial of asylum by raising it on appeal to the BIA; thus, we would lack jurisdiction to consider the issue even if not abandoned. *See* 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Thus, the petition for review of the denial of asylum will be denied without reaching his arguments related to his underlying eligibility for such relief. *See* 8 U.S.C. § 1158(b)(1)(A); *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 428 n.5, 441 (1987).

Regarding the denial of withholding of removal, substantial evidence supports the BIA's conclusion that Sharma failed to demonstrate a clear probability of persecution upon return to Nepal. *See Roy v. Ashcroft,* 389 F.3d

132, 138 (5th Cir. 2004); 8 C.F.R. § 1208.16(b).  Although Sharma contends that the IJ erred by considering the three incidents of harm he experienced in 2008 and 2015 separately, the record demonstrates that the IJ properly considered the cumulative effect of all three incidents before concluding that, together, they did not amount to past persecution giving rise to a rebuttable presumption of future persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

Further, the record does not compel the conclusion that the three incidents of minor harm and threats Sharma endured were severe enough to amount to past persecution.  *Id.* at 187-88; *see also Mikhael v. I.N.S.*, 115 F.3d 299, 304 & n.4 (5th Cir. 1997).  The record likewise does not compel the conclusion that the government of Nepal was unable or unwilling to protect Sharma given that he did not report any of the incidents with the Maoists to the police and given the absence of any evidentiary support for his assertion that reports similar to his had not been acted upon or that the police were connected to the Maoists.  *See Tesfamichael v. Gonzales,* 469 F.3d 109, 113 (5th Cir. 2006); *Shehu v. Gonzalez*, 443 F.3d 435, 437 (5th Cir. 2006).

Because Sharma failed to demonstrate past persecution, there is no rebuttable presumption of future persecution.  *See* § 1208.16(b)(1)(i).  Establishing eligibility for withholding of removal requires a demonstration of "an objective 'clear probability' of persecution in the proposed country of removal."  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).  Sharma's unsupported assertion that Maoists continue to target political opponents fails to satisfy his burden to present "specific, detailed facts" to demonstrate a clear probability of future persecution.  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).  Therefore, the evidence does not compel the conclusion

that he established "an objective 'clear probability' of persecution." *See Majd*, 446 F.3d at 595.

Sharma additionally argues that he established eligibility for CAT protection, and he urges that the BIA's and IJ's contrary finding is erroneous. However, he does not brief any argument addressing the IJ's and BIA's reasons for concluding that he failed to show a likelihood of torture if returned to Nepal, nor does he cite any authority or record evidence in support of his conclusional assertion of error. He has thus abandoned by failing to adequately brief the argument that the BIA and IJ erred in denying CAT relief. *See Soadjede*, 324 F.3d at 833.

PETITION FOR REVIEW DENIED.