# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 18-60577
Summary Calendar

———————

CONSOLIDATED WITH 19-60366

MARIA MALDONADO DE CALLEJA,

*Petitioner*,

*versus*

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 813 789

———————

Before DAVIS, STEWART, AND DENNIS, *Circuit Judges*.

PER CURIAM:*

Maria Maldonado De Calleja, a native and citizen of Mexico, has filed a petition for review of the Board of Immigration Appeals (BIA) decision dismissing her appeal from the Immigration Judge's (IJ) denial of her motion

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-60577
c/w No. 19-60366

to reopen removal proceedings and, in a separate case, a petition for review of the BIA decision's denying her motion to reconsider based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  We review the denial of motions for reconsideration and motions to reopen under a highly deferential abuse-of-discretion standard.  *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016); *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013).

Maldonado De Calleja contends that this case should be remanded to the BIA in light of *Pereira* because she did not receive proper notice of her removal hearing.  She raises a similar argument in her petition for review of the BIA's denial of her motion for reconsideration, contending that the immigration court lacked subject matter jurisdiction over her case because her Notice to Appear (NTA) was invalid.  Even though she first raised the *Pereira* issue in her motion for reconsideration, the issue is nevertheless deemed exhausted because BIA chose to address it on the merits, and we therefore have jurisdiction to consider it.  *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644-45 (5th Cir. 2010).

*Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 7, 2020) (No. 19-779), forecloses Maldonado De Calleja's claim.  Her NTA specified the nature of the proceedings, the legal authority for the proceedings, and the possibility of in absentia removal, and thus, it was not defective.  *See Pierre-Paul*, 930 F.3d at 689-90.  Additionally, even if the NTA was defective, a subsequent notice included the date and place of the removal proceedings.  Therefore, any defect was cured.  *See id.* at 690-91.  Even if the NTA's defect were considered incurable, there would not be a jurisdictional problem but merely the potential violation of a claims-processing rule.  *Id.* at 691-93.  Therefore, the BIA did not abuse its discretion by denying the motion for reconsideration.  *See Le*, 819 F.3d at 104.

No. 18-60577
c/w No. 19-60366

Further, Maldonado De Calleja challenges the BIA's decision not to apply equitable tolling to her untimely statutory motion to reopen. We have jurisdiction to address this claim. *See Mata v. Lynch*, 576 U.S. 143, 147-48 (2015). Equitable tolling is warranted only if the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (internal quotation marks and citation omitted).

With respect to the due diligence prong of the equitable tolling analysis, Maldonado De Calleja contends in her petition for review that she relied on her original attorney's false counsel; that she had no reason to believe, based on counsel's representations, that her subsequent removal order was anything but final and binding; and that she filed her January 2017 motion to reopen within 90 days after learning of her ability to do so. Maldonado De Calleja's argument that she was unaware of her ability to file a motion to reopen until 2016 appears to be premised on her discovery of her counsel's allegedly ineffective assistance. However, she provides nothing to indicate that she acted with due diligence between her receipt of the in absentia removal order in February 2004 and her filing of her second motion to reopen in January 2017. She fails entirely to explain how or when her knowledge of counsel's alleged ineffectiveness transpired. *Cf. Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 (5th Cir.), *cert. denied*, 138 S. Ct. 677 (2018). Thus, Maldonado De Calleja has not met her burden to demonstrate that equitable tolling applies, and the BIA's conclusion that her motion to reopen was untimely was not an abuse of discretion. *See Lugo-Resendez*, 831 F.3d at 340, 344.

Given the foregoing, IT IS ORDERED that the petitions for review are DENIED.

3